**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Chad E. WOODROW, Appellant.**

**Commonwealth of Pennsylvania, Appellee,**

v.

**Chad Woodrow, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1999
in No. 1607 PGH 98.

Submitted July 12, 1999
in No. 387 WDA 99.

Filed Nov. 29, 1999.

---

Douglas W. Ferguson, Asst. Dist. Atty., Meadville, for Com., appellee (at 387 WDA 1999).

Lisa M. Schlosser, Asst. Dist. Atty., Erie, for Com., appellee (at 1607 PGH 1998).

Edward J. Hatheway, Meadville, for appellant (at 387 WDA 1999).

Chad Woodrow, appellant, pro se (at 1607 PGH 1998).

Before DEL SOLE, EAKIN and BECK, JJ.

EAKIN, J.:

¶ 1 In these two consolidated appeals, Chad Woodrow challenges the denial of his petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546, by the Erie and Crawford County trial courts. We affirm both orders.

¶ 2 During the period from August 29, 1996, through September 14, 1996, appellant committed six burglaries in Mercer County, two in Erie County and ten in Crawford County. Appellant was charged and pled guilty in each county: first in Mercer County, then Erie County and finally Crawford County. He received consecutive sentences resulting in a cumulative term of seven and one-half to twenty-two years imprisonment.

¶ 3 Appellant filed a motion to modify his Erie County sentence, which was denied. No direct appeal was filed, but appellant filed a *pro se* PCRA petition alleging plea counsel was ineffective for failing to argue the prosecution was barred by the compulsory joinder rule of 18 Pa.C.S. Section 110, since there had already been a prosecution in Mercer County for similar charges within the same time frame. Appellant received appointed counsel, who filed a "no merit" letter pursuant to·*Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988). The PCRA court granted counsel leave to withdraw and dismissed appellant's petition without a hearing, finding appellant's issues to be waived, previously litigated or not cognizable. Appellant filed a timely appeal at No. 1607 Pgh. 1998.

¶ 4 Appellant filed a direct appeal from the Crawford County sentence; this Court affirmed the sentence. Appellant then filed a *pro se* PCRA petition and received appointed counsel, who filed an amended petition. The petition alleged plea counsel was ineffective for failing to file a motion to dismiss on the basis of the previous prosecutions in Mercer and Erie Counties, and that appellant's plea was unlawfully induced by counsel's ineffectiveness. Specifically, the petition alleged the Crawford County prosecution violated double jeopardy principles and the compulsory joinder rule of Section 110. Following an evidentiary hearing, the PCRA court denied relief, and appellant filed a timely appeal at No. 387 WDA 1999.

¶ 5 In both appeals, appellant argues that principles of double jeopardy and the compulsory joinder rule of Section 110 barred the prosecutions in Erie and Crawford Counties; thus, he claims, plea counsel was ineffective for advising him to enter the pleas in these counties.

¶ 6 To be eligible for relief under the PCRA, a petitioner must plead and prove his conviction resulted from one or more of the bases set forth in 42 Pa.C.S. Section 9543. Appellant's claims could fall under the following potential grounds for relief:

(i) A violation of the Constitution of this Commonwealth or laws of the United States which, in the circum-

stances of the particular case, *so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.*

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, *so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.*

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty *and the petitioner is innocent.*

42 Pa.C.S. § 9543(a)(2) (emphasis supplied).

■ ¶ 7 Appellant's claim is not cognizable under any of these bases. This Court has held where a party has entered a guilty plea, the truth-determining process is not implicated. *Commonwealth v. Shekerko,* 432 Pa.Super. 610, 639 A.2d 810 (1994), *appeal denied,* 539 Pa. 677, 652 A.2d 1322 (1994). Moreover, appellant has not alleged his innocence with respect to any of the charges. Accordingly, the PCRA courts of Erie and Crawford Counties properly concluded appellant was not entitled to relief.

■ ¶ 8 Even if addressed on their merits, appellant's claims fail. Appellant cites *Commonwealth v. McPhail,* 547 Pa. 519, 692 A.2d 139 (1997), in which a plurality of the Supreme Court held drug offenses in multiple counties which were part of a single criminal episode were within the jurisdiction of a single court, and must be joined in a single proceeding. Here, the determinative issue before both PCRA courts was whether the burglaries constituted a single criminal episode. Appellant argues all of these crimes were similar residential burglaries in three counties to which he confessed to the same investigating officer; thus, he characterizes the burglaries as a seventeen-day "spree." The fact that this course of conduct was re-

peated eighteen times within seventeen days in three different counties doesn't make this a single criminal episode—it makes it a business.

¶ 9 Orders affirmed.