J-S15045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES PATRICK KEMICK | : | |
| | : | |
| Appellant | : | No. 53 WDA 2021 |

Appeal from the Order Entered December 4, 2020
In the Court of Common Pleas of McKean County Criminal Division at No:
CP-42-CR-0000390-2019

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:            **FILED: FEBRUARY 25, 2022**

Appellant, James Partick Kemick, appeals from the December 4, 2020 order denying his motion to dismiss the criminal charges currently pending against him on the grounds that the prosecution of those charges violates the compulsory joinder rule.[1]  Appellant is charged with one count each of burglary, theft by unlawful taking, theft by receiving stolen property, and criminal trespass.[2]  Order affirmed.

This appeal follows a remand from this Court in **Commonwealth v. Kemick,** 240 A.3d 214 (Pa. Super. 2020).  On September 15, 2020, this Court

_____

* Retired Senior Judge assigned to the Superior Court.

[1] The compulsory joinder rule is codified at 18 Pa.C.S. § 110 and is set forth in detail, *infra*.

[2] 18 Pa.C.S. §§ 3502(a)(2), 3921(a), 3925(a), and 3503(a)(1)(ii), respectively.

vacated the trial court's order dismissing Appellant's motion to dismiss and remanded the case to the trial court. *Id*., at 220-21. This Court noted that the trial court did not hold a hearing to provide Appellant and the Commonwealth the opportunity to present testimony in support of, or to refute, the claim that the Appellant's prosecution for the aforementioned criminal charges violates double jeopardy protections or the compulsory joinder rule. *Id*. This Court directed the trial court to hold a hearing, in compliance with Pa.R.Crim.P. 587(B).[3] *Id*. Additionally, this Court directed

---

[3] (B) Double Jeopardy

(1) A motion to dismiss on double jeopardy grounds shall state specifically and with particularity the basis for the claim of double jeopardy and the facts that support the claim.

(2) A hearing on the motion shall be scheduled in accordance with Rule 577 (Procedures Following Filing of Motion). The hearing shall be conducted on the record in open court.

(3) At the conclusion of the hearing, the judge shall enter on the record a statement of findings of fact and conclusions of law and shall issue an order granting or denying the motion.

(4) In a case in which the judge denies the motion, the findings of fact shall include a specific finding as to frivolousness.

(5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has a right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.

(6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B).

the trial court to memorialize its findings of fact and conclusions of law on the record, as well as make a specific finding, upon denial of Appellant's motion to dismiss, as to the frivolousness of the motion to dismiss and provide the requisite notice for appellate review. ***Id***.

The trial court held a hearing on October 12, 2020, at which Appellant introduced the following documents as evidence:

- The criminal complaint, supplemental narrative, main narrative and criminal information for theft at Thrifty Cleaners (375 CR 2017). ***See*** Defense Exhibit, 1A-1D.

- The criminal complaint, incident report, two witness statements from Crystal Sirline, witness statement of John Burns, and criminal information for loitering and prowling at 52 Bedford Street (470 CR 2017). ***See*** Defense Exhibit, 2A-2F.

- The criminal complaint and criminal information for bicycle theft case (453 CR 2017). ***See*** Defense Exhibit, 3A and 3B.

- The criminal complaint, incident report, witness statement of Melissa Kemick, witness statement of Dale Miller, and criminal information for loitering and prowling at Melissa Kemick's house (493 CR 2017). ***See*** Defense Exhibit, 4A-4E.

- The incident report dated 9/5/2017 regarding inmate John Hallock. ***See*** Defense Exhibit, 5.

- The incident report regarding pending burglary charges (390 CR 2019). ***See*** Defense Exhibit, 6.

- The guilty plea orders at cases 375 CR 2017, 470 CR 2017, 453 CR 2017, and 493 CR 2017. ***See*** Defense Exhibit, 7A-7D.

- The sentencing order for the cases 375 CR 2017, 470 CR 2017, 453 CR 2017, and 493 CR 2017. ***See*** Defense Exhibit, 8.

Appellant did not include the notes of testimony from the November 9, 2017, guilty plea hearing in the certified record.

> The trial court issued an Order and made the following findings of facts.
>
> James Kemick, the Defendant, has been charged with Burglary, Theft by Unlawful Taking, Receiving Stolen Property, and Criminal Trespass at 390 CR 2019. It is alleged that between August 18, 2017 and August 22, 2017 the Defendant broke into 956 South Avenue in Bradford, Pennsylvania, a residence belonging to Ann Glady.[4] The Defendant is alleged to have stolen jewelry, money, coins, and other household items valued at over $14,000. The Defendant then allegedly disposed of or sold some of the property, knowing that it was stolen, between August 22, 2017 and August 28, 2017. It is alleged that Kemick disposed of the items with the assistance of Melissa Kemick, who resides at 952 South Ave. Bradford, Pennsylvania.[5]
>
> Lt. Jefferey Shade of the [Bradford] Township Police Department[6] testified at the hearing to address the Defendant's Motion to Dismiss. The court finds Lt. Shade's testimony to be credible. He testified that he collected a used cigarette in the victim's closet. The cigarette was then sent to the crime laboratory for DNA analysis. On December 5, 2017 the Defendant was served with a search warrant for a buccal swab, but he did not comply and no swab was taken. On December 19, 2017 the Defendant was again

---

[4] We note that although the trial court states this residence is in "Bradford, Pennsylvania" the residence is in Custer City, Pennsylvania. *See* Defense Exhibit, 6 (Incident Report, 390 CR 2019); N.T., 10/12/20, at 9 (stating the complainant's address as "956 South Avenue, Custer City, Bradford Township."). The residence is within Bradford Township. *Id*. Throughout the memorandum separate locales will be discussed, City of Bradford, Foster Township, and Bradford Township. They are all neighboring, but distinct, locations.

[5] This residence is also in Custer City, Bradford Township.

[6] The trial court erroneously stated that Lt. Shade is from Foster Township Police Department. *See* Defense Exhibit, 6; N.T. 10/12/20, at 8 (stating his name and affiliation for the record "Lieutenant Jeff Shade, Bradford Township Police Department.").

- 4 -

served with a search warrant for a buccal swab, which was taken by force. The DNA report indicating a match between the buccal swab and cigarette was dated January 2018, but officers did not receive that report until April 2019 despite frequently checking for the results.

Lt. Shade agreed that he was aware that officers in the City of Bradford, which is a neighboring jurisdiction to [Bradford] Township, were investigating burglaries in the city; and, he had obtained the Defendant's name from City Police Officers. However, the burglaries that the City were investigating occurred on different dates than the incident he was investigating. Lt. Shade was adamant that the obtainment of the DNA results was essential before he could proceed with his case and file a criminal complaint against the Defendant.

Prior to April 2019, and specifically on November 9, 2017, the Defendant entered a global guilty plea to charges in cases at 375 CR 2017, 453 CR 2017, 470 CR 2017, and 493 CR 2017. . . . In the case at 375 CR 2017 the Defendant was arrested on July 27, 2017 by officers from the Bradford City Police Department and Bradford Township Police Department for stealing a cash register from the Thrifty Cleaners building in Bradford on July 26, 2017. In the case at 453 CR 2017 the Defendant conspired to steal a bicycle with John Hallock on September 2, 2017. In the case at 470 CR 2017 the Defendant was convicted of Loitering and Prowling at Night Time around a residence at 52 Bedford St. In Bradford, Pennsylvania on August 28, 2017. At the case in 493 CR 2017 the Defendant was convicted of Loitering and Prowling around the residence of Melissa Kemick on September 6, 2017.

Trial Court Order and Opinion, 12/4/20. The trial court denied Appellant's

motion to dismiss. Order, 12/4/20. The trial court also found the appeal was

not frivolous and substantially complied with the mandates of Rule 587(B).[7]

Appellant filed a timely appeal.[8]

Appellant presents the following issue for our review:

[W]hether the trial court erred in denying a Motion to Dismiss Charges/Criminal Information pursuant to 18 Pa.C.S. Section 110.

Appellant's Brief at 4 (suggested answer omitted).[9]

"In determining if cases are barred by Section 110, or the double jeopardy provisions of the constitutions of the United States or Pennsylvania, our scope of review is plenary." *Commonwealth v. Peifer*, 730 A.2d 489, 491 (Pa. Super. 1999) (citations omitted). "As with all questions of law, the appellate standard of review is *de novo*." *Commonwealth v. Taylor*, 120 A.3d 1017, 1021 (Pa. Super. 2015) (citation omitted).

The compulsory joinder rule states, in relevant part,

---

[7] The order did not make a specific finding as to frivolousness, as dictated in Rule 587(B), however, the trial court included notice to Appellant of his right to immediately appeal the order "in accordance with Rule 587(B)(6)." Rule 587(B)(6) states:

(6) If the judge denies the motion but does **not find it frivolous**, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(6) (emphasis added).

[8] Appellant and the trial court complied with Pa.R.A.P. 1925(a).

[9] Appellant filed a request with this Court, on August 30, 2021, to withdraw Stephanie Smith, Esq. as counsel of record, and to enter the appearance of Philip Clabaugh, Esq. as counsel for Appellant. The request is granted.

§ 110. When prosecution barred by former prosecution for different offense

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:

. . .

(ii) any offense based on the same conduct or **arising from the same criminal episode**, if such offense was **known** to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

18 Pa.C.S. § 110.

Generally, to determine whether a prosecution is barred by 18 Pa.C.S. § 110(1)(ii), a four-part test is used.

> Under Section 110(1)(ii), the Commonwealth is prohibited from prosecuting a defendant based on its former prosecution of the defendant if the following four-part test is met: (1) the former prosecution resulted in an acquittal or a conviction; (2) the current prosecution must be based on the same criminal conduct or have arisen from the same criminal episode as the former prosecution; (3) the prosecutor must have been aware of the current charges before the commencement of the trial for the former charges; and (4) the current charges and the former charges must be within the jurisdiction of a single court.

***Commonwealth v. Schmidt***, 919 A.2d 241, 245 (Pa. Super. 2007) (citations omitted). "Each prong of this test must be met for compulsory joinder to

apply." ***Commonwealth v. Fithian***, 961 A.2d 66, 72 (Pa. 2008). "By requiring compulsory joinder of all charges arising from the same criminal episode, a defendant need only once 'run the gauntlet' and confront the awesome resources of the state." ***Schmidt***, 919 A.2d at 241 (*quoting* ***Peifer***, 730 A.2d at 492).

There is no dispute that the former prosecutions resulted in a conviction and all occurred within the same judicial district. ***See*** Appellee's brief, at 13. Appellant argues that the trial court erred in denying his motion to dismiss because the pending charges are part of the same criminal episode as the charges for which Appellant was already convicted and sentenced. ***Id***. Appellant also argues that the prosecuting authorities were aware of the underlying offenses in the current prosecution prior to the commencement of the plea proceedings in the former prosecutions. ***Id***., at 23.

"Where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and a waste of scarce judicial resources." ***Schmidt***, 919 A.2d at 246 (citation omitted). This Court has provided further guidance and stated,

> [i]n ascertaining whether a number of statutory offenses are "logically related" to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses. . . . The single criminal episode analysis essentially considers the totality of the circumstances.

- 8 -

*Id*. A determination of substantial duplication "depends ultimately on how and what the Commonwealth must prove in the subsequent prosecution." ***Commonwealth v. Reid***, 77 A.3d 579, 585 (Pa. 2013). "There is a substantial duplication of issues of fact if 'the Commonwealth's case rest[s] solely upon the credibility of [one witness]' in both prosecutions." ***Id***. (brackets in original) (*quoting* ***Commonwealth v. Hude***, 458 A.2d 177, 183 (Pa. 1983)). "[O]ur Supreme Court noted that in determining if the 'logical relationship' prong of the test has been met, we must also be aware that a mere *de minimus* duplication of factual and legal issues is insufficient to establish a logical relationship between offenses." ***Schmidt***, 919 A.2d at 247 (*quoting* ***Commonwealth v. Bracalielly***, 658 A.2d 755, 761 (Pa. 1995)).

> Further, we must take into consideration the temporal sequence of events to aid our determination of whether both prosecutions are part of the same criminal episode. The temporal relationship between criminal acts will be a factor that frequently determines whether the acts are logically related.

***Schmidt***, 919 A.2d 248.

> This Court has previously stated,

> [t]wo separate offenses may constitute the same criminal episode if one offense is a necessary step toward the accomplishment of a given criminal objective or if additional offenses occur because of an attempt to secure the benefit of a previous offense or conceal its commission.

***Commonwealth v. Perillo***, 626 A.2d 163, 166 (Pa. Super. 1993) (citation omitted).

Section 110's "compulsory joinder rule was designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment by being forced to undergo successive trials for offenses stemming from the same criminal episode, and (2) to ensure judicial economy." *Commonwealth v. Nolan*, 855 A.2d 834, 840 (Pa. 2004) (superseded by statute on other grounds) (citation omitted). Important to this appeal, "[t]hese policy considerations must not be interpreted to sanction 'volume discounting' or . . . to label an 'enterprise' an 'episode.' *Id*. In *Nolan*, the Pennsylvania Supreme Court found appellee's separate crimes were not part of the same criminal episode and stated,

> over a seven-month period appellee ran a profitable enterprise in which he stole at least 25 vehicles from numerous individuals and 11 dealerships and then resold them, creating even more victims. Much like a television sitcom, each week's story has similar characters, producers, and continuity of storyline, but each week is a separate episode- the series of episodes is an enterprise. Such is the scenario here; appellee starred in his own series with multiple episodes in each county.

*Id*.

Appellant argues that each offense was a necessary step toward the accomplishment of a given criminal objective and part of a larger comprehensive series arising from the same criminal episode. Appellant's Brief, at 22. A determination of whether the crimes are part of the same criminal episode "cannot be made 'by merely cataloguing simple factual similarities or differences between the various offenses with which the defendant was charged[,]'" rather the courts must ascertain whether there is

a substantial duplication of issues of fact and law. **Reid**, 77 A.3d at 586 (*quoting **Bracalielly***, 658 A.2d at 761). We conclude that none of Appellant's previous convictions satisfy the same criminal episode prong. There is no substantial duplication of law or facts in each case and the pending burglary charges, where Appellant is accused of breaking into the complainant's home, stealing her jewelry and other possessions and disposing of the stolen property.

### 375 CR 2017 -Thrifty Cleaners

In this case, Appellant pleaded guilty to burglary for breaking into the Thrifty Cleaners building on July 26, 2017, in the City of Bradford, Pa., and taking a cash register. **See** Defense Exhibit, 7A. There is no substantial duplication of facts or legal issues between this case and the pending burglary prosecution. The complaining witness in this case and the current prosecution are different. The police officers involved in this case are from the City of Bradford Police Department, while the officers involved in the pending prosecution are from Bradford Township Police Department. The charges involved in both cases include burglary; however, how and what the Commonwealth must prove in each is different. **See Reid**, 77 A.3d at 586. Nor is there a temporal relationship between the two events. The current charges are alleged to have occurred between August 18, 2017 and August 28, 2017. The theft of the cash register occurred on July 26, 2017, almost a full month before this current prosecution. **See Commonwealth v. Miskovitch**, 64 A.3d 672, 687 (Pa. Super. 2013) (aggravated assault and

robbery occurring one day after theft of stolen car not same criminal episode where the only linking factor between the crimes was that the car appellant stole was used in the robbery).

Although Appellant states that each offense was a necessary step toward the accomplishment of a given criminal objective, the evidence of record demonstrates that Appellant's acts of theft of the cash register and the pending burglary charges are akin to a criminal enterprise and not part of the "same criminal episode." *Nolan*, 855 A.2d at 840 (not the same criminal episode where Appellant, over seven-month period ran a profitable enterprise in which he stole at least 25 vehicles from numerous individuals and 11 dealerships and then resold them, creating even more victims.); *See also Commonwealth v. Woodrow*, 743 A.2d 458, 460 (Pa. Super. 1999) (eighteen residential burglaries over the course of seventeen days in three counties confessed to single officer not same criminal episode, but is instead a "business.").

We find there is no logical relationship between the pending prosecution and this case. We conclude the two cases are not a part of the same criminal episode. The second prong of the compulsory joinder rule is not satisfied. 18 Pa.C.S. § 110(1)(ii) does not bar prosecution of the pending charges and we need not analyze the remaining prong. *See Schmidt*, 919 A.2d at 249, n.6; *Fithian*, 961 A.2d at 72.

**453 CR 2017- Bicycle Theft**

At 453 CR 2017, Appellant pleaded guilty to Conspiracy to commit Theft, for conspiring with John Hallock to steal two bicycles on September 2, 2017. **See** Defense Exhibit, 7C. There is no substantial duplication of facts or legal issues between the two acts. The complaining witnesses in each case are different. The police officers involved, Officers Shephard and Fugua, are from the City of Bradford Police Department, different than the officers in the pending case. **See** Criminal Complaint, 453 CR 2017. The pending burglary charges and the stolen bicycles have no similarities besides the *de minimus* overlap of one person.

Appellant notes that his co-conspirator in this case gave a statement to City of Bradford police officers on September 5, 2017, stating that Appellant burgled houses in the Bradford area and stored stolen property at an abandoned house on Sherman Street. Appellant's Brief, at 21. That his co-conspirator gave a voluntary statement to police implicating Appellant in "burglaries in the Bradford area" is not the type of substantial duplication of facts contemplated by the compulsory joinder rule, but rather mere *de minimus*. **See Schmidt**, 919 A.2d at 247-48 (that same witness testified in both of appellant's grand jury proceedings is a de minimus duplication of facts where appellant's charges were not based solely upon the testimony of that one witness and there were not enough similarities between the investigations to consider them logically related). Even if the Commonwealth would introduce John Hallock as a witness in each case, the Commonwealth's cases

would not rely on the veracity of a single witness, ie. John Hallock, in either case. *See Id*., at 247.

The pending charges are alleged to have occurred between August 18, 2017 and August 28, 2017 and this theft case occurred on September 2, 2017. There does not appear to be a temporal relationship between the two acts, and certainly not one that would tip the scales toward determining a logical relationship between the two acts existed. *See Miskovitch*, 64 A.3d at 687. Although Appellant states that each offense was a necessary step toward the accomplishment of a given criminal objective, the evidence of record demonstrates that Appellant's acts of stealing two bicycles and the pending burglary are akin to a criminal enterprise and not the "same criminal episode." *See Nolan*, 855 A.2d at 840; *See also Woodrow*, 743 A.2d at 460.

We find there is no logical relationship between the pending prosecution and this case. We conclude the two are not a part of the same criminal episode. The second prong of the compulsory joinder rule is not satisfied. 18 Pa.C.S. § 110(1)(ii) does not bar prosecution of the pending charges and we need not analyze the remaining prong. *See Schmidt*, 919 A.2d at 249, n.6; *Fithian*, 961 A.2d at 72.

### 493 CR 2017- Loitering at 952 South Avenue

In 493 CR 2017, Appellant was convicted of loitering and prowling based on his presence at 952 South Avenue, the residence of Melissa Kemick, Appellant's wife, on September 6, 2017. *See* Criminal Complaint, 493 CR 2017. There is no substantial duplication of facts or legal issues between this

- 14 -

case and the pending prosecution. The complaining witnesses are different in each case. The police officers involved, Officers Gigliotti, Lamade, McDonald and Szafran, are from Bradford Township Police Department and Foster Township Officers, but are different officers than in the pending case.

The complaining witness in this case, Melissa Kemick, provided a piece of evidence to the police in the pending prosecution, permitted the police to execute a search warrant on her car and was observed on surveillance dropping Appellant off at jewelry shops in the area. *See* Defense Exhibit, 6 (Incident Report, 390 CR 2019). Melissa Kemick could be a witness in both the Commonwealth's cases, however, she is not the only witness. Most important, even if the Commonwealth would introduce her as a witness in each case, the Commonwealth's cases would not rely on the veracity of her testimony as a single witness in either case. *See Schmidt*, 919 A.2d at 247; *See Commonwealth v. Spotz*, 756 A.2d 1139, 1158-59 (Pa. 2000) (the Court found no substantial duplication of issues of facts or law although same person was key witness in appellant's two murder cases, where "she was hardly the only witness.").

The pending charges are alleged to have occurred between August 18, 2017 and August 28, 2017. This incident occurred on September 6, 2017. There does not appear to be a temporal relationship between the two acts. *See Miskovitch*, 64 A.3d at 687.

Appellant argues that the items stolen in the current prosecution were stored or recovered from Melissa Kemick's residence, therefore, the former

prosecution of loitering and prowling were an attempt to secure the benefit of the current offenses and conceal its commission. Appellant's Brief, at 13. Appellant was not permitted to be present at Melissa Kemick's residence. *See* Criminal Complaint, 493 CR 2017. Melissa Kemick was notified by her neighbor that Appellant was walking around her house. *Id*. Melissa Kemick called 9-1-1 and requested a patrol car to be sent to the house. *Id*. The responding officers spoke to the eyewitness neighbor who knew Appellant and saw him around Melissa Kemick's house at nighttime. *Id*. The eyewitness neighbor stated that Appellant asked to use his phone to call Melissa because he stated he wanted to speak with her. *Id*. Appellant is correct that items from the pending burglary were recovered from this location, however, the items were recovered at earlier dates: pursuant to a garbage pull on August 25, 2017, from Melissa Kemick on August 28, 2017, and pursuant to a search warrant executed by police on August 29, 2017. *See* Defense Exhibit, 6 (Incident Report, 390 CR 2019). Appellant's argument that his presence at the location on September 6, 2017 was an attempt to secure the benefit of the pending burglary charges and conceal the commission of the burglary charges is belied by the record. The eyewitness neighbor stated that Appellant told him he was at the location to speak to Melissa. *See* Criminal Complaint, 493 CR 2017. Appellant's argument is without merit.

We find there is no logical relationship between the pending prosecution and this case. We conclude that the two acts are not a part of the same criminal episode, and the second prong of the compulsory joinder rule is not

satisfied. 18 Pa.C.S. § 110(1)(ii) does not bar prosecution of the pending charges and we need not analyze the remaining prong. ***See Schmidt***, 919 A.2d at 249, n.6; ***Fithian***, 961 A.2d at 72.

### 470 CR 2017- 52 Bedford St.

In 470 CR 2017, Appellant was convicted of loitering and prowling around a residence at 52 Bedford St., in the City of Bradford, Pa., on August 28, 2017. There is no substantial duplication of facts or legal issues between the two acts. The complaining witnesses are different, the eye witnesses are different, and the officer involved, Officer Walters, is from the City of Bradford Police Department. The pending charges are alleged to have occurred between August 18, 2017 and August 28, 2017. This case occurred on August 28, 2017. There appears to be a temporal relationship between the two events, however, a closer look shows the temporal relationship will not tip the scales toward determining a logical relationship between the two acts existed. The evidence of record demonstrates that the complaining witness in the pending burglary case reported the burglary on August 22, 2017, the day she returned from vacation. ***See*** Defense Exhibit, 6 (Incident Report, 390 CR 2019). Therefore, Appellant's presence at this location on August 28, 2017 is not temporally related to the pending burglary charge. ***See Miskovitch***, 64 A.3d at 687.

Appellant's presence at this location is temporally related to the receiving stolen property (RSP) charge in the pending prosecution; however, the RSP charge in the current prosecution is based on evidence and

surveillance demonstrating that Appellant sold the proceeds of the pending burglary at various shops around the area between August 18, 2017 and August 28, 2017. *See* Defense Exhibit 6 (Incident Report, 390 CR 2019). There is nothing in the record to demonstrate that any of the charges in the pending prosecution are related to this location. Therefore, any temporal relationship between this case and the pending RSP charges does not tip the scale to find a logical relationship. *See Schmidt*, 919 A.2d at 248 (overlap in time of two investigations, and subsequent presentments, concerning appellant was not dispositive and temporal relationship did not lead to conclusion they were part of the same criminal episode where appellant simultaneously participated in two different drug organizations).

Appellant argues that the items stolen in the current prosecution were stored or recovered from this location, therefore, the former convictions for loitering and prowling were an attempt to secure the benefit of the pending burglary charges and conceal the commission of the pending burglary charges. Appellant's Brief, at 13. In the loitering case, neighbors reported to police that they observed Appellant at this abandoned location, in their own backyard and observed him throwing unidentified items into another backyard. *See* Criminal Complaint, 470 CR 2017. Appellant was not arrested on the scene but was arrested based on these charges on September 6, 2017. *Id*. Appellant states that John Hallock, his co-conspirator in the bicycle theft case at 453 CR 2017, gave a statement to City of Bradford police on September 5, 2017, and stated that Appellant has stashed stolen property at this location.

Appellant's Brief, at 22. However, there is nothing in the record demonstrating that any items from the pending burglary charges were stored at or recovered from this location. That Appellant's co-conspirator in a different criminal case told police that Appellant stored stolen goods at this location is not relevant to the prosecution of the pending burglary charges, particularly where no items were recovered at the location. Therefore, Appellant's argument is without merit.

We find there is no logical relationship between the pending prosecution and this case. We conclude that the two acts are not a part of the same criminal episode, and the second prong of the compulsory joinder rule is not satisfied. 18 Pa.C.S. § 110(1)(ii) does not bar prosecution of the pending charges and we need not analyze the remaining prong. *See Schmidt*, 919 A.2d at 249, n.6; *Fithian*, 961 A.2d at 72.

Lastly, Appellant argues that the prior prosecutions for loitering and prowling were for crimes committed by Appellant in order to secure the benefit and conceal the commission of the prior thefts of the cash register and bicycles. Appellant's Brief, at 22. However, this argument is not relevant to the question on appeal, whether the prosecution of the pending burglary charges are barred by the compulsory joinder rule. Therefore, this argument is without merit.

Order affirmed. Jurisdiction relinquished. Appellant's request, filed August 30, 2021, is GRANTED. The Prothonotary of this Court is directed to

- 19 -

withdraw Stephanie Smith, Esq. as counsel for Appellant and enter Philip Clabaugh, Esq.'s appearance as counsel for Appellant.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/25/2022